IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONG DENG and TINA YANG, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Misc. No. 14-187-SLR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

At Wilmington this 18th day of June, 2015, having heard argument on, and having reviewed the petition filed by Hong Deng and Tina Yang ("petitioners") to quash a third-party summons issued by the Internal Revenue Service ("IRS"), as well as the papers filed in connection therewith, the petition to quash (D.I. 1) will be denied for the reasons that follow:

1. **Background.** The IRS is presently investigating petitioners' federal tax liability for tax years 2011 and 2012 and has requested bank records related to petitioner Hong Deng's ("Deng") law practice. Deng advises clients on criminal defense matters. Deng asserted the attorney-client privilege over the identities of his clients and provided copies of the requested records after redacting client names and account numbers. In response to Deng's refusal to provide unredacted copies, Gloria A. Mendoza ("Agent Mendoza"), a California-based Revenue Agent with the IRS, issued an IRS third-party summons to Bank of America for the bank records of Deng's attorney

1

trust account. Petitioners timely filed their petition to quash. (D.I. 1.) The court has jurisdiction pursuant to 26 U.S.C. § 7609.

2. **Legal standard.** Title 26 of the United States Code section 7601 gives the IRS a mandate to investigate "persons . . . who may be liable" for taxes. To enforce this mandate, the IRS has been given the power to examine records, to issue summonses (to the taxpayer or to a third party), and to take testimony for purposes of: (a) ascertaining the correctness of any tax return; (b) making a tax return where none has been made; (c) determining the tax liability of any person; (d) collecting a tax liability; or (e) inquiring into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602; see Donaldson v. United States, 400 U.S. 517, 523-24 (1971), abrogated on other grounds by 26 U.S.C. § 7609.

3. Once the legality of a summons is questioned, it is the burden of the IRS to demonstrate the following: (a) the summons was issued for a legitimate purpose; (b) the summons sought information that may be relevant to that purpose; (c) the information sought was not already within the possession of the IRS; and (d) all administrative requirements were met. See United States v. Clarke, ___ U.S. ___, 134 S. Ct. 2361, 2365 (2014) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). In addition, there must not have been any criminal referrals to the Justice Department regarding the taxpayer. See 26 U.S.C. § 7602(d); United States v. Garden State Nat'l Bank, 607 F.2d 61, 68-69 (3d Cir. 1979); Godwin v. United States, 564 F. Supp. 1209, 1213-14 (D. Del. 1983).

4. **Analysis.** The declaration of Agent Mendoza satisfies each of the above requirements:

2

a. **Legitimate purpose.** Agent Mendoza issued the summons for the legitimate purpose of determining petitioners' federal tax liability for tax years 2011 and 2012. (D.I. 5, ex. 1 at ¶¶ 2, 4); see 26 U.S.C. § 7602.

b. **Relevant information.** The bank records sought from Bank of America may be relevant to determining petitioners' tax liability for tax years 2011 and 2012 by, e.g., revealing whether certain deposits are taxable or the existence of other bank accounts owned by petitioners that are currently unknown to the IRS. (D.I. 5, ex. 1 at ¶ 8); see Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 323 (1985); Azis v. IRS, 522 F. App'x. 770, 775 (11th Cir. 2013).

c. **Information not in possession of IRS.** The IRS seeks information to help it verify the transactions from Deng's attorney trust account. Agent Mendoza averred that the transactions cannot be verified from redacted records. (D.I. 5, ex 1 at ¶ 8)

d. **Administrative requirements met.** A third-party summons issued by the IRS may be served by certified or registered mail to the last known address of the summoned party. See 26 U.S.C. § 7603(b). Agent Mendoza complied with the service requirement by sending a copy of the summons via certified mail to "Bank of the America NA legal Order processing, PO Box 15047, Wilmington, Delaware, 19850-5047."[1] (D.I. 5, ex. 1 at ex. 101) The IRS is also required to provide notice of such a third-party summons to the taxpayer. See 26 U.S.C. § 7609(a). Agent Mendoza complied with this notice requirement by contemporaneously sending a copy of the

---

[1] Although the summons mistakenly identified Bank of America as "Bank of the America," this error created no confusion. Petitioners offer no authority supporting their claim that a typo provides a sufficient basis for quashing the summons.

3

summons to petitioners via certified mail at his last known address. (D.I. 5, ex. 1 at ex. 102)

e. **No referral.** No summons may be issued or enforced if (i) the IRS has recommended to the Attorney General either a grand jury investigation or the criminal prosecution of a taxpayer, or (ii) the Department of Justice has requested an individual's tax return information from the IRS pursuant to 26 U.S.C. § 6103(h)(3)(B). See 26 U.S.C. § 7602(d)(2). Agent Mendoza averred that there was no Justice Department referral in effect with respect to petitioners at the time she mailed the summons and signed the declaration. (D.I. 5, ex. 1 at ¶ 12)

5. Because the IRS has met its burden to show that the requirements for a valid summons have been met, the burden shifts to petitioners to show, through particularized factual averments, that the IRS is not acting in good faith or that enforcement of the summons would constitute an abuse of the court's process. See Garden State, 607 F.2d at 71; Godwin, 564 F. Supp. at 1213. Petitioners have failed to meet this burden through their allegations.

a. **Attorney-client privilege.**[2] The Supreme Court has found no legitimate expectation of privacy in the contents of records maintained by banks. See United States v. Miller, 425 U.S. 435, 442-43 (1976). In the Third Circuit, "the attorney-client privilege is not applicable to bank records merely because they derive from transactions involving an attorney's trust account." Gannet v. First State Bank of New Jersey, 546 F.2d 1072, 1076 (3d Cir. 1976). The privilege is preserved, however, if an attorney's client-identifying bank records will reveal the substance of attorney-client communications. See United States v. Liebman, 742 F.2d 807, 809 (3d Cir. 1984). A

---

[2] (D.I. 1 at ¶¶ 22-23, 25; D.I. 7 at 2-4)

4

bare list of clients who paid fees does not fall within the privilege unless such a list would "automatically identify" unknown clients with a known communication. *Id.* The fact that Deng's clients all sought advice regarding pending or potential criminal proceedings simply identifies the general context for which Deng's clients sought counsel.[3] This common general context does not present sufficient risk that the unredacted bank records will reveal specific communications or conduct.[4] Additionally, because specific communications will not be revealed, petitioners have not supported their allegation that the summons operates as a pretext for a collateral investigation into Deng's clients.[5] Under these circumstances, the attorney-client privilege does not apply.

---

[3] Petitioners allege that each client consulted Deng to obtain legal advice about either (i) the client's own criminal liability while also paying for Deng's representation of another client who allegedly participated in the same offense or (ii) the client's own criminal liability regarding conduct for which no charges had been brought.

[4] Petitioners' citations to the "last link" doctrine are inapposite because petitioners have not shown that the bank records represent the last link in a chain of evidence necessary to convict a criminal defendant. *See Liebman*, 742 F.2d at 810 n.2 (describing the doctrine as applicable "when the client's identity furnishes the 'last link' in a chain of incriminating evidence that would result in the client's indictment"). Moreover, *Liebman* casts doubt on whether the last link doctrine is good law in the Third Circuit. The Court explained that it did not rely on the last link doctrine to reach its conclusion and noted that the doctrine "appears to go further in sustaining the privilege than we were willing to accept" in a prior case. *Id.*

[5] In the cases petitioners rely on, the government sought to implicate unknown clients in an existing investigation. *See, e.g., Liebman*, 742 F.2d at 809 (noting that the IRS sought client-identifying bank records solely to investigate whether the firm's erroneous legal advice resulted in tax liability for clients who were not otherwise under investigation); *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1425-29 (5th Cir. 1991) (concluding that the identity of an anonymous client financing a criminal defendant's defense would not help the government prosecute its case but would only link the unknown client to the defendant's alleged criminal activity). Unlike in *Liebman* and *Reyes-Requena*, the contested information here lacks a specific context that would implicate Deng's clients.

5

b. **Information not in possession of IRS.**[6] Although Deng provided the requested bank records with redactions, the IRS has the right to obtain the original copies of the records from a third party. *See Cohen v. United States*, 306 F. Supp. 2d 495, 504-05 (E.D. Pa. 2004).

c. **Administrative compliance.**[7] Petitioners argue that § 7609 requires the IRS to provide the taxpayer with an identical copy of the third-party summons. This view is not supported by authority in petitioners' briefs and is contrary to the prevailing view. *See, e.g., Kondik v. U.S.*, 81 F.3d 655, 657 (6th Cir. 1996) ("[W]e hold that § 7609 requires only that taxpayers be served with copies, not attested copies . . . .").

d. **Relevant information.**[8] When evaluating the relevance of summoned information, courts apply a deferential standard of review that permits any document that "might throw light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 n.11 (1984) (quoting *United States v. Harrington*, 388 F.2d 520, 524 (2d Cir. 1968)). The standard requires only a showing of potential relevance because the IRS "can hardly be expected to know whether such data will in fact be relevant until they are procured and scrutinized." *Arthur Young & Co.*, 465 U.S. at 814 (citation omitted). Petitioners allege that each transaction listed in the redacted bank records involved taxable income. Given this admission, petitioners contend that the transaction amounts are the only portion of the bank records relevant to the audit. This argument assumes that the IRS would only use the redacted names to determine whether each transaction is taxable. The government has explained that the client names could lead the IRS to bank accounts that were not disclosed on petitioners'

---

[6] (D.I. 1 at ¶ 24; D.I. 7 at 5)
[7] (D.I. 1 at ¶ 27; D.I. 7 at 7 n.3)
[8] (D.I. 7 at 6)

6

return. (D.I. 10 at 3); see Azis, 522 F. App'x. at 775 (recognizing the possibility of undisclosed bank accounts as relevant information). Since additional bank accounts might affect the audit, petitioners have failed to rebut the government's demonstration that the redacted client names are potentially relevant.

e. **Good faith.**[9] Obtaining the evidence required to invalidate a summons issued in bad faith usually requires the court to order limited discovery into the purpose of the summons. See United States v. Cortese, 614 F.2d 914, 921 n.12 (3d Cir. 1980). To reach discovery, petitioners must "make a showing of facts that give rise to a plausible inference of improper motive." Clarke, 134 S. Ct. at 2367-68. To prevail, petitioners must prove that the improper motive is institutionally attributable to the IRS and not merely personally attributable to the revenue agent who issued the summons. See Garden State, 607 F.2d at 68. Petitioners allege that Agent Mendoza "wanted the client information for some purpose other than determining Deng's income, such as investigating Deng's clients or assisting other agencies in investigating Deng's clients." (D.I. 7 at 7) Petitioners assert that Agent Mendoza's questions regarding Deng's practice area, the race and ethnicity of Deng's clients, and the source of funds in the trust account support this theory. (D.I. 7, ex. 1 at ¶¶ 10, 18, 28) The court concludes that these facts are insufficient to give rise to a plausible inference of any other purpose than investigating the petitioners.

6. **Conclusion.** For the reasons stated, the petition to quash is denied. An order shall issue.

_____
United States District Judge

---

[9] (D.I. 7 at 6-7)